UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOLLY M. SCHWARTZ, | ) | CIVIL ACTION NO. 4:21-CV-1645 |
| *Individually and as Administrator of* | ) | |
| *the Estate of David E. DeWald, II* | ) | (WILSON, D.J.) |
| Plaintiff | ) | |
| | ) | (ARBUCKLE, M.J.) |
| v. | ) | |
| | ) | |
| LACKAWANNA COUNTY, *et al.*, | ) | |
| Defendants | ) | |

### MEMORANDUM OPINION

**I.  INTRODUCTION**

In March 2020, David E. Dewald, II, died in Lackawanna County Prison following a use of force by five unidentified corrections officers. After DeWald's death, his daughter, Molly Schwartz ("Plaintiff"), initiated this civil case asserting both state and federal claims against several municipal entities, prison employees, a medical company contracted to provide services at the prison, and the medical company's employees. The complaint names five "John Doe" corrections officers, and two "John Doe" nurses.

Currently before the Court is Plaintiff's motion to amend her complaint. In that motion Plaintiff seeks to substitute the identities of the corrections officers and nurses for the John Does. For the reasons explained herein, Plaintiff's motion to amend (Doc. 45) will be granted.

II.     **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Since we write primarily for the benefit of the parties, we will limit our discussion of the background in this case to those facts which are relevant to Plaintiff's motion to amend. (Doc. 45).

On September 24, 2021, Plaintiff initiated this action. Her original complaint names seven "John Doe" Defendants, some of which are Lackawanna County Corrections Officers. (Doc. 1, ¶¶ 19-23) (indicating that John Does 1-5 are believed to be corrections officers). When this complaint was served on Defendants, an attorney entered an appearance for the five John Doe Corrections Officers.

This case proceeded in the normal fashion. Motions to dismiss were filed, and resolved. Answers were filed, including an answer on behalf of the John Doe Corrections Officers. (Doc. 35). On September 12, 2022, the parties submitted a joint case management plan. (Doc. 41). In that plan, they suggested that the final date for amending the pleadings in this case should be April 1, 2023. (Doc. 41, p. 10). In its case management order, the Court set an April 3, 2023, deadline for amending the pleadings. (Doc. 43).

On September 14, 2022, the Lackawanna County Defendants (including the John Doe Corrections Officers) served Plaintiff with initial disclosures. Part of

those disclosures were served by email, and a CD-ROM containing 750 pages of documents was served via Priority Mail. (Doc. 49-3).

On September 20, 2022, Plaintiff's counsel sent an email to the Lackawanna County Defendants acknowledging receipt of an "*email* dated September 14, 2022 providing . . . Federal Rule of Civil Procedure 26 Disclosures." (Doc. 48-3, p. 2) (emphasis added). That correspondence does not mention a CD-ROM. In the same email, Plaintiff's counsel asked if opposing counsel would "agree to stipulate to the substitution" of named individuals for the John Doe Defendants. *Id.* He also requested that counsel for the Lackawanna County Defendants identify the names of the John Doe Corrections Officers that appear in a surveillance video of the use of force at issue. *Id.* The Court has no information as to when, whether, or how the Lackawanna County Defendants' responded. The parties ultimately did not stipulate to the requested amendment.

Plaintiff's counsel reports that he never received the September 2022 CD-ROM. Nothing in the record before the Court suggests Plaintiff's counsel followed-up regarding the mailed September 2022 CD-ROM.

On June 20, 2023, over two months after the expiration of the deadline to amend the pleadings, Plaintiff filed a motion to amend and attached a certificate of non-concurrence. (Docs. 45, 45-1). Along with her motion, Plaintiff filed a brief in support. (Doc. 46). Although the motion and brief in support make clear that the

proposed amendment involves *only* the substitution of named individuals for the unidentified Defendants (among them the John Doe Corrections Officers), no proposed amended complaint was provided. *See* L.R. 15.1 (requiring that a party requesting leave to amend file a proposed amended pleading with the Court). Defendants filed briefs in opposition. (Docs. 46, 47). Plaintiff replied. (Doc. 49). The Lackawanna County Defendants requested, and were granted, leave to file a sur reply, over Plaintiff's objections. (Docs. 50, 51, 52, 53, 58, 59). The Court also held oral argument.

Fact discovery in this case is ongoing. (Doc. 56).

## III.     LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint.[1] This rule provides for three ways by which a Plaintiff may amend his complaint: (1) as a matter of course; (2) with the opposing party's written consent; and (3) by leave of court.[2] Here, Plaintiff seeks to amend her complaint by leave of court pursuant to Fed. R. Civ. P. 15(a)(3). This provision also provides that leave to amend should be freely granted "when justice so requires."[3] Even under this liberal standard, however, a motion for leave to amend may be denied when it is

---

[1] "Among the District Courts within the Third Circuit, a motion to amend is generally treated as a nondispositive matter, subject to decision by the magistrate judge." *Aguiar v. Recktenwald*, No. 3:13-CV-2616, 2014 WL 6062967 at *3 n.2 (M.D. Pa. Nov. 12, 2014).
[2] Fed. R. Civ. P. 15.
[3] Fed. R. Civ. P. 15(a)(2).

justified. "Permissible justifications [for denying a request for leave to amend] include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment."[4] "The Third Circuit has interpreted these factors to emphasize that prejudice to the non-moving party is the touchstone for the denial of a request for leave to amend."[5]

If a motion to amend is filed after the deadline set for amendments under a scheduling order, the moving party must also satisfy Rule 16(b)(4) of the Federal Rules of Civil Procedure.[6] Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that, once issued, the Court's scheduling order "may be modified only for good cause and with the judge's consent."[7]

Unlike Rule 15(a)(2), which focuses on the prejudice to the non-movant, the Court's analysis under Rule 16(b) examines the movant's conduct. "[G]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might

---

[4] *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).
[5] *Tarkett Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D. Pa. 1992) (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).
[6] *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84-85 (3d Cir. 2010).
[7] Fed. R. Civ. P. 16(b)(4).

understandably account for the failure of counsel to undertake to comply with the Scheduling Order."[8]

> To establish good cause, the movant must show that "despite its diligence, it could not reasonably have met the scheduling order deadline." *Hutchins v. United Parcel Service*, No. 01–1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005). What will constitute "good cause" to warrant modification "necessarily varies with the circumstances of each case." 6A Alan Wright et al., *Federal Practice & Procedure* § 1522.2, at 313 (3d ed. 2010). The Court therefore has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b)." *Thoman v. Philips Med. Sys.*, No. 04–3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007) (Brown, C.J.) (citing 3 James W. Moore et al., *Moore's Federal Practice* § 16.14[1][b] (3d ed. 1997)). Nevertheless, courts regularly find that the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it. *See Eichorn v. AT & T Corp.*, 484 F.3d 644, 651 (3d Cir. 2007); *see also Marathon Fin. Ins., Inc. RRG v. Ford Motor Co.*, 591 F.3d 458, 470–71 (5th Cir. 2009); *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007); *Johnson v. Mamoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[9]

## IV.   DISCUSSION

In opposing Plaintiff's motion to amend, the Lackawanna County Defendants argue:

(1)   Plaintiff has failed to demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure; and

---

[8] *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (quoting *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)).

[9] *Roggio v. F.B.I.*, No. 08-4991 ES, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011).

(2)   Amendment would be futile because the statute of limitations has expired, and the proposed amendments do not meet the requirements of Rule 15 for relation back.

Plaintiff disagrees.

A.   **PLAINTIFF HAS DEMONSTRATED GOOD CAUSE FOR AMENDMENT**

To amend her complaint Plaintiff required knowledge of the identity of five Lackawanna County Corrections Officers that appeared in a surveillance video. The parties do not dispute that this information appeared in prison incident reports. The Lackawanna County Defendants assert that they served those incident reports on Plaintiff by placing a CD-ROM that contained approximately 750 pages of records in electronic form in the mail on September 14, 2022.[10] Plaintiff's Counsel asserts that he did not receive that CD-ROM, and did not obtain a copy of the incident reports until a second CD-ROM (containing the incident reports and additional disclosures) was hand delivered to his office in April 2023.[11] The only

---

[10] (Doc. 49-3, p. 12) (certifying that initial disclosures were placed in First Class Mail and sent to Plaintiff's counsel's address of record).

[11] In his reply brief, Plaintiff's counsel wrote, "is not until April of 2023 when Attorney Zlotucha's office hand delivers the CD-ROM containing the investigative materials and the Lackawanna County Prison incident report to Attorney Rothenberg that Attorney Rothenberg then knows the identity of all five names of the Corrections Officers named as John Does in the Plaintiff's Complaint and who are present in the surveillance video footage." (Doc. 49, p. 6).

Moving Defendants argue in a sur-reply brief that they are "confounded" by Plaintiff's claim that he did not receive the CD-ROM. (Doc. 59, p. 5) ("Plaintiff never once indicated that the documents were not received and never requested another copy be sent). They also cite to a September 20, 2022, email where Plaintiff's counsel acknowledged receipt of the initial disclosures. This email,

communication between the parties relating to the initial disclosures was one email on September 20, 2022, that neither acknowledged receipt of the CD-ROM, nor communicated that it had not arrived. No tracking information or return receipt is in the record demonstrating that the CD-ROM arrived. Six months later, and more than two months after the expiration of the deadline for amendment of the pleadings, Plaintiff filed a motion to amend requesting leave to substitute real identities for the fictitious names used in her original complaint.

We have great discretion in determining what kind of showing will satisfy the good cause requirement, and the kind of showing the moving party must make to show good cause will vary given the unique circumstances of each case. In this case, we have considered that the proposed amendment (outlined in the motion itself) is modest, that fact discovery is ongoing, and that the substitution of the real identities in place of the fictitious names is not a surprise to Defendants. Under similar circumstances, courts have not demanded a high showing from the movant.[12] We find that good cause exists to modify the Court's scheduling order

---

however, only acknowledges receipt of *emailed* documents and does not confirm receipt of the CD-ROM.

[12] *Jacobs v. Cumberland County*, No. 16-1523, 2017 WL 11717901 (D.N.J. Apr. 27, 2017) (permitting substitution of Defendants' names seven months after the deadline for amending pleadings where there was a change in representation); *Monroe v. City of Hoboken*, No. 11-2556, 2012 WL 1191177 (D.N.J. Apr. 10, 2012) (acknowledging that Courts have found the good cause requirement met in cases of "simple inadvertence" where the proposed amendment was minor, was not a surprise to Defendants, and did not alter the litigation in any substantive way).

and allow amendment. We have no reason to doubt that, through no fault of Plaintiff or the Lackawanna County Defendants, the CD-ROM sent in September 2022 did not find its way into counsel's hands. While counsel could have more clearly and more diligently communicated its absence, we nonetheless find that counsel was at least *reasonably* diligent. He requested leave to amend less than three months after the court-imposed deadline. Counsel's assertion that he did not receive the incident reports that contained the identities of the corrections officers until April 2023 is enough to satisfy the good cause requirement under these circumstances. Although we do not condone a party's failure to comply with scheduling orders, "the rules are meant to ensure fair and efficient litigation, not to 'trap' attorneys or deprive plaintiffs of their day in court."[13]

### B.  THE QUESTION OF WHETHER AMENDMENT IS FUTILE SHOULD BE RESOLVED AFTER THE AMENDED COMPLAINT IS FILED AND SERVED ON THE NEW DEFENDANTS

Rule 15(c) of the Federal Rules of Civil Procedure governs in cases where a party seeks to amend a pleading, and have that amendment relate back to the original date the pleading was filed. "Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of

---

[13] *Jacobs*, 2017 WL 11717907, at *3 (quoting *Monroe*, 2012 WL 1191177, at *7).

limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading."[14] Pursuant to Rule 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

> (A)  the law that provides the applicable statute of limitations allows relation back;
>
> (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Lackawanna County Defendants argue that allowing amendment is futile because relation back would not apply.[15] However, the new Defendants have

---

[14] 6A, Mary Kay Kane, *Federal Practice & Procedure § 1496* (Wright & Miller 3d ed., July 7, 2023, Update).

[15] The Lackawanna County Defendants argue, relying on *Barrow v. Wethersfield Police Dep't*, that the failure to identify individual defendants, or make any effort to identify individual defendants, when the plaintiff knows that such defendants must be named and was prompted to do so by the court cannot be characterized as a mistake. 66 F.3d 466, 470 (2d Cir. 1995). The holding in *Barrow*, however, was not applied where unprompted, but ultimately unsuccessful, efforts to identify defendants were made before the statute of limitations expired. *See Byrd v. Abate*, 964 F.Supp. 140 (S.D.N.Y. 1997) (finding that an inmate's

not yet appeared under their own names in this case, and have not had the opportunity to argue on their own behalf whether Rule 15(c)(1)(C) has been met.[16] We are not inclined to address this issue in a piecemeal fashion, and find that it can be more thoroughly addressed by the newly added Defendants themselves. Should they choose to do so, the newly named Defendants will be free to fully develop this statute of limitations issue, including the issue of whether relation back applies, in their responses to the amended complaint.

---

amended complaint related back where the plaintiff was unable to discover an officer's name before the statute of limitations expired). Notably, in *Barrow*, this issue was raised by the newly added defendants themselves in a motion to dismiss, after those defendants were served with the amended complaint.

[16] Counsel has entered an appearance on behalf of the John Doe Corrections Officers to raise arguments on their behalf during the motion to dismiss stage. During oral argument, however, counsel acknowledged that because their identities were unknown, and no amended complaint has been provided, she had not discussed this case with any "John Doe."

V.    **CONCLUSION**

    Accordingly, we conclude that:

(1)    Plaintiff's Motion to Amend (Doc. 45) is GRANTED.

(2)    Plaintiff is directed to file an amended complaint that substitutes the identities of the corrections officers and nurses for the John Does named in the original complaint on or before **February 28, 2024**.

    No other substantive changes to the complaint will be permitted.

(3)    An appropriate order will be issued.

Date: February 21, 2024        BY THE COURT

                                            *s/William I. Arbuckle*
                                            William I. Arbuckle
                                            U.S. Magistrate Judge